No. 1135.

33 1119
45 854

WILLIAM F. ANDERSON vs. CLÉOPHAS COMEAU.

The seizure of immovable property vests in the sheriff the right to receive the fruits or rents from the date of seizure, for the benefit of the seizing creditor.

An unrecorded act of lease of real estate produces no legal effect as to third persons.

The lessee of immovable property, under an unrecorded lease, is liable to the seizing creditor for rent accruing after seizure, though he has paid it to the lessor by anticipation, or furnished negotiable notes for it.

The lessee of immovable property, under an unrecorded lease, in case of seizure, has the right to claim the dissolution of the lease; but, if he remains in possession, a tacit reconduction results from it in favor of the seizing creditor.

Decision in 30th An., 436, affirmed.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth*, J.

*John N. Ogden* for Plaintiff and Appellant:

This case involves questions of fact principally.

A leases property to B for a stipulated amount per annum. The whole amount of the lease is paid by B in advance. B subsequently sub-leases the property to C for a stipulated price, to be paid to B by C. The judgment creditors of A cannot seize the rents arising from the lease in favor of B without alleging and proving fraud.

The seizure of the rents accruing in favor of B under a *fi. fa.*, on the part of the creditors of A, without notice to C of the seizure, will not justify C in refusing to pay the rents to B.

It is elementary that until the assignee notifies the debtor of the assignment made to him the assignor is not divested of the credit which he assigns.

A simple transfer does not divest, and it is necessasy to notify the party of the transfer; from which it follows, that before notice, the debtor may legally pay to the assignor, his creditor.

*Henry L. Garland* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER J. Thomas C. Anderson owned lot No. 5 in the town of Washington, with a large brick store and other improvements thereon.

He had leased from the town of Washington a certain piece of land on the Bayou Courtableau for a term of years expiring in 1884, at a rent of fifty dollars *per annum*, on which there had been built a warehouse.

On March 11th, 1879, Thomas C. Anderson executed a written lease of the two properties above mentioned, to his son, William F. Anderson, for the term of one year, at a stipulated rent of twelve hundred dollars, recited in the lease to have been paid in cash.

On March 15th, 1879, by writing endorsed on the instrument, Wm. F. Anderson transferred all his rights and interest in the lease just mentioned to Cleophas Comeau, for the consideration of $1400, stated in the transfer to have been paid in cash.

On the 29th of March, 1879, under writs of fi. fa. issued by certain judgment creditors of Thomas C. Anderson, who are intervenors in this case, the sheriff of the parish seized and took into his possession, the town lot No. 5 with the improvements, belonging to said Anderson, of which seizure notice was duly served upon the latter; and also seized the right, title and interest of Thomas C. Anderson in and to the lease from the town of Washington to him of the land on which the warehouse stood, and also his right, title and interest in and to the warehouse itself. Of this last seizure notice was duly served, not only upon T. C. Anderson, but upon Comeau, who was then in possession under his sublease.

At the time of seizure the lease from T. C. Anderson to W. F. Anderson, transferred by the latter to Comeau, had not been recorded, and record was not made thereof until the 9th of June following.

The sheriff was proceeding with the advertisement and sale of the property seized, when arrested by an order of court in a suit for respite instituted by Thomas C. Anderson against his creditors. This stay remained in force, and maintained the seizure of the property, during the entire term of Comeau's lease.

This suit having been brought by William F. Anderson against Comeau to recover the consideration due under the transfer of the lease, which, it is admitted, was not paid in cash as falsely stated in the transfer, Comeau answered that, under the real agreement between himself and plaintiff, he took the lease at the rent of $1200 stipulated therein; that he was ready to pay the rent due by him to whomsoever the Court might find entitled thereto; but that he had been notified by the seizing creditors of their claim that his rent should be paid to the sheriff for their benefit.

The seizing creditors intervened in the suit, and reciting the facts of their seizures, as above set forth, they pray that the defendant be condemned to pay to them. The issue is, shall defendant pay the rent accruing after the seizure to the plaintiff or to the intervenors?

The luminous opinions, original and on rehearing, in the case of Summers vs. Clark, 30 A. 346, conclusively settle the principles of law which govern and decide this case. These are :

1st. That the seizure of the immovable property of the judgment debtor vests in the sheriff the right to receive, for the benefit of the seizing creditors, the fruits, rents and revenues of the property from the date of seizure. C. C. 466; C. P. 656.

2d. That Arts. 2264 and 2266 of the Rev. Civil Code—providing substantially that all sales, contracts, judgments and acts, affecting or concerning immovable property, not recorded according to law, shall be utterly null and void except between the parties, and without any effect as to third persons, apply to leases of real estate as well as to other contracts.

3d. That the possessor of immovables, under such an unrecorded lease, even though he may have paid, in advance, the rent for the entire term, in cash or negotiable notes, is vested thereunder with no rights whatever as against a seizing creditor of the lessor.

4th. That, in such case, the effect of the seizure, as between the lessor and the lessee, by reason of the disturbance of the enjoyment of the thing leased by the latter, is to dissolve the lease, and to give him the right to abandon the property, and to claim from the lessor the restitution of the rents which may have been paid in advance.

5th. That if, instead of abandoning the property, the lessee, with the consent of, or without opposition by, the sheriff or the seizing creditor, elects to retain possession, after the seizure, without change of terms, this operates a tacit reconduction or attornment, in favor of the seizing creditor, during the term of the seizure, at the same rate of rent. Rev. C. C. 2688, 2689; 5 A. 300, 174.

These principles, stated in our own language but legitimately deducible from the decision above referred to, are, in our judgment, scientifically correct, and, when applied to this case, they obviously dispose of it, upon the undisputed facts, and without the necessity of solving the issues raised in the evidence as to the real relations of Thomas C. and William F. Anderson, under the lease.

It is sufficient to say that, at the time of seizure, the property was unaffected by any recorded lease, and, *quoad* the seizing creditors, stood, therefore, precisely as if it had not been leased at all. The effect of the seizure was to vest the creditors with the absolute right to the subsequent rents, the amount of which is not disputed.

Comeau, no matter whose lessee he was, was released from his obligations to his lessor, by reason of the disturbance of his enjoyment of the thing leased, and the suggestion that he may be compelled to pay twice, both to the plaintiff and to the intervenors, is abhorrent to common sense as well as to justice.

71

The complaint, by Anderson, of Comeau's failure to record the lease, cannot serve as the foundation of any legal right against the latter. It is not pretended that there was any agreement between him and Anderson that he should record it, and the law imposed upon him no such obligation.

The objections urged to the seizure of the town lot, on the ground that notice was not served on Comeau, has no force. The notice to the seized debtor, and the taking possession by the sheriff, were the only steps required by law. The seizures were, in all respects, perfect and complete.

The judgment of the lower court allowed the plaintiff eighteen dollars and decreed the balance of the rent to the intervenors. The ground upon which the allowance to plaintiff was made, is not stated in the judgment or opinion, but it is suggested that it was based on the rent accruing between the date of the transfer of the lease to Comeau and the date of the seizure. Appellant complains that, in estimating this amount, the judge committed an error of calculation—the period being fourteen days and amounting, at the rate of $100 per month, to $46 62, which would entitle him to an additional allowance of $24 62.

This error of calculation, if it be such, should manifestly have been called to the attention of the lower court. Not having done so, plaintiff cannot take advantage of it to amerce the appellees in costs considerably exceeding the amount of the error. The maxim *de minimis* applies. Kohn vs. Schooner, 5 A. 25.

The judgment appealed from is, therefore, affirmed, at appellant's costs.