Eastern District
*February*, 1830.

WALKER
*vs.*
VANWINKLE
ET AL.

It is always in time for the defendant to move for the dissolution of an injunction, for matters appearing on the face of the petition.

It may be done after answer put in.

The assignee of a lease, may remove the lessee by summary process.

No matter what may be the value of the improvements placed on the premises, the justice of the peace has jurisdiction under the act of 1819.

## WALKER *vs.* VANWINKLE & AL.

APPEAL from the court of the fourth district, the judge of the second presiding.

PORTER, J. delivered the opinion of the court. The plaintiff states that he leased from one Stewart, four acres of land on the Mississippi river, for an indefinite period of time, and that confiding in his lessors remaining proprietors of the premises, he put valuable improvements on them to the value of $700. That at the time of the lease the property was mortgaged, and has been since sold by the mortgagee. That the purchaser, at the public sale made in virtue of an execution issued on the act of mortgage, has procured an order from a justice of the peace to dispossess the petitioner, and that he fears the sheriff will carry it into execution. The petition avers, that the purchaser must pay the value of the improvements before he can evict the possessor; and concludes by a prayer for an injunction.

The defendant, Montgomery, who had bought the premises, answered, by praying that the injunction be dissolved, as granted in a case where no such process is allowed

by law, and by a court not having jurisdiction.

Eastern District.
*February*, 1830.

WALKER
*vs.*
VANWINKLE
ET AL.

On the merits he denied all the allegations in the petition, except some facts not necessary to set forth; and concluded by a demand in reconvention.

After issue thus joined, the defendant moved to dissolve the injunction, on the matters appearing on the face of it. The court, notwithstanding the opposition of the plaintiff, went into the enquiry, and the correctness of this proceeding, is the first question for our decision.

We think the court did not err. It is always in time for a motion to dissolve an injunction, or the facts alleged in the petition. The defendants denial in the answer of the truth of the plaintiff's statements, did not preclude him from subsequently admitting them to be true. Nor is there any force in the objection, that the cause having been submitted to a jury by the pleadings, the injunction could not be dissolved until they passed on it. The only object of an investigation before them, viz: The ascertaining of the truth of the facts at issue,—ceased by an ad-

Eastern District.
*February*, 1830.

WALKER
*vs.*
VANWINKLE
ET AL.

mission on the part of the defendant, of the truth of the plaintiff's allegations.

The court, after hearing the parties, dissolved the injunction, and the plaintiff appealed.

In this court he has principally relied on two grounds.

First. That the remedy given by the act of the assembly, is limited to the immediate lessee, and does not extend to those who acquire from him.

Second. That the plaintiff's demandf or improvements, placed the case out of the jurisdiction of a justice of the peace.

The counsel for the appellant has presented this case to our consideration, on the act of assembly passed the 3d March, 1819, and has argued on the particular phraseology of the statute, that it was the intention of the legislature to confine the privilege of removing the lessee by summary process to the immediate lessor—and that it did not extend to his assignees. There has, however, been later legislation on the subject than the act cited in argument, and upon a proper construction of it, depends the rights of the parties. By the 2683d art. of the Louisiana

Eastern District.
*February,* 1830.

WALKER
*vs.*
VANWINKLE
ET AL.

code, it is provided, "When the lessor has given notice to the lessee, in the manner described by law, to quit the property, and the lessee persists in remaining on it, the lessor may have him summoned before a justice of the peace, and condemned to depart; and if three days after notice of the judgment, he has not obeyed, the justice of the peace may order that he shall be expelled, and that the property shall be cleared by the constable, at his expense."

We are of opinion that the lessor. and the representatives and assigns of the lessor, may exercise the remedies given by this enactment. According to the 2704th art. of the code, the purchaser of the thing leased, takes the property subject to the lease, and bound by the contract of the original lessor. Being thus subject to all his obligations, it clearly follows, that the lessee is entitled to every remedy given to enforce the rights growing out of these obligations.

The second point in the cause, we think, is clearly with the appellee. The value of the improvements, placed by the lessee on the land, does not take away jurisdiction from the justice of the peace, no more than

WALKER
*vs.*
VANWINKLE
ET AL.

the land itself being of greater value than the sums of which these officers can take cognizance in ordinary actions, would. The object which the legislation on this subject had in view, would be completely defeated if it did. The law intended to give a speedy and efficacious means of putting the lessor in possession, and leaves the other questions growing out of the contract, to be settled in due course of law, after possession is obtained. It is very questionable whether under the 2697th art. of the Louisiana code, the lessee can compel the lessor to pay for his improvements, unless, in the words of the law, they were made " with lime and cement;" as to all other ameliorations, his right perhaps extends no farther than removing them from the premises. But as the decision of this point is not necessary in the present case, we refrain from expressing an opinion on it.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.