430 So.2d 353 (1983)
Ronald Lockwood TOOMER and Lillian J. Toomer, Plaintiffs-Appellees,
v.
Joseph LOWENTHAL and Margaret Lowenthal, Defendants-Appellants.
No. 82-759.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
*354 Newman, Thibodeaux & Marshall, H. Gayle Marshall, Lake Charles, for defendants-appellants.
Jones, Tele, Nolen, Hanchey, Swift & Spears, James C. Hanchey, Lake Charles, for defendants-appellees.
Jacques, Rester & Townsend, Jeff E. Townsend, Jr., Lake Charles, for plaintiffs-appellees.
Before GUIDRY, STOKER and KNOLL, JJ.
GUIDRY, Judge.
Joseph and Margaret Lowenthal, the defendant owners of certain realty, seek by reconventional and third party demand to have cancelled an assignment or pledge of rents accruing and to accrue under a predial lease granted by their immediate ancestor in title. The assignment is dated December 16, 1975, and was executed by Ronald Lockwood Toomer, their vendor, in favor of First Federal Savings and Loan Association of Lake Charles (hereafter First Federal). First Federal filed a motion for summary judgment to the third party demand. The Lowenthals, with leave of court, subsequently filed a supplemental and amending third party demand for judgment against First Federal in a sum equivalent to all amounts received by First Federal, pursuant to the assignment or pledge of rents dated December 16, 1975, since the Lowenthal purchase of the property. The trial judge concluded that there was no material issue of fact and that as a matter of law the assignment was legally binding and effective against the Lowenthals. He, therefore, granted the motion for summary judgment and dismissed the third party demand against First Federal. From this judgment the Lowenthals have perfected a devolutive appeal.
The facts material to a determination of the issues presented are without dispute. Thus, the only issue presented is whether *355 under such facts First Federal is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966.
The instrument in question relates to rent accruing and to accrue under a lease affecting certain property commonly referred to as the "Charles Cinema property". On August 29, 1974, John Sheldon Toomer and Ronald Lockwood Toomer, the then owners of the "Charles Cinema property", each for an undivided one-half, borrowed $500,000.00 from First Federal. The loan was evidenced by a promissory note, payable in monthly installments and secured by an act of mortgage, encumbering the Charles Cinema property, which is recorded in the mortgage records of Calcasieu Parish. The mortgage is dated August 29, 1974. On the same date, as additional security for the loan, the Toomers signed an assignment of all rentals received and to be received by them as lessors from any lessee of the Charles Cinema property, in favor of First Federal. This latter instrument was recorded in the conveyance records of Calcasieu Parish. Written notice of this assignment of rents was given by First Federal to Ogden Perry Theatres, Inc., the lessee of the property. According to the terms of the assignment, First Federal is to receive the entire amount of the monthly rentals due under the aforesaid lease and, upon receipt, deduct the monthly installment due on the promissory note dated August 29, 1974 and then distribute the excess to the lessors.
On December 16, 1975, Ronald Toomer borrowed $49,000.00 from First Federal. This loan was evidenced by a promissory note dated December 16, 1975. The note was secured by a mortgage encumbering the residence of Ronald Toomer. As additional security for this loan, Ronald Toomer signed an assignment of rentals from the Charles Cinema property in favor of First Federal. This instrument, which is the assignment at issue in this case, is dated December 16, 1975 and was recorded in the mortgage records of Calcasieu Parish. No written notice of this assignment of rentals was given by First Federal to Ogden Perry Theatres, Inc.
By act of sale, with vendor's lien, dated May 15, 1978, Joseph Lowenthal purchased all of Ronald Toomer's interest in the Charles Cinema property. The sale to Lowenthal was made under full warranty. In this instrument, Lowenthal assumed the debt to First Federal evidenced by the note and mortgage dated August 29, 1974. He did not assume the debt to First Federal evidenced by the note dated December 16, 1975, nor was such encumbrance or the assignment dated December 17, 1975 mentioned in the deed.
In concluding that the assignment dated December 16, 1975 is effective against the Lowenthals, the trial judge relied on La. R.S. 9:4401, added by Acts 1980, No. 321 § 1, which provides as follows:
"§ 4401. Condition or collateral assignment of leases or rents
A. Any obligation may be secured by an assignment of leases or rents, or both leases and rents. Such assignment may be expressed as a conditional or collateral assignment, and may be effected in an act of mortgage, by a separate written instrument of assignment, or by a separate written instrument of pledge, and may be referred to, denominated, or described as a pledge or an assignment, or both. If such conditional or collateral assignment is made, it shall become absolute upon the assignor's default in respect to the obligation thereby secured or in accordance with the terms of the instrument creating such assignment, and shall become operative as to the debtor upon written notice to the debtor by the assignee. If such an assignment relates to a lease or rent of an immovable, it shall have effect, other than between the immediate parties, or those on whose behalf or for whose benefit they act, and shall be deemed perfected by the filing of an executed original or a certified copy of the instrument creating the assignment in the conveyance records of the parish in which the immovable is situated.
B. This Section is intended to recognize one method of securing obligations, *356 and shall not have the effect of repealing any other provision of law in respect to pledge, pawn, and assignment of incorporeal rights.
C. This Section is remedial and shall be retroactive. All assignments of leases or rents heretofore made in compliance with the provisions of this Section are hereby validated.
D. This Section shall not apply to rents, royalties, overriding royalties, bonuses, and other payments and other rights under mineral leases and other contracts relating to minerals."
La.R.S. 9:4401 was enacted subsequent to the purchase of the Charles Cinema property by the Lowenthals. They contend that retroactive application of the statute, as provided in Section C of the statute, is prohibited by Article 1, Section 10 of the United States Constitution, by the 14th Amendment to the United States Constitution and by Article 1, Sections 2 and 23 of the Louisiana Constitution of 1974. Because the record fails to reveal compliance with the statute, we do not reach this contention.
In his written reasons for judgment, the trial judge indicated that the pleadings, affidavits and attachments show that the assignment in question was recorded in the conveyance records of the parish in which the immovable is situated. This finding is totally unsupported by the record. The record contains a certified copy of the assignment in question. The certificate of the Clerk of Court attached thereto reflects that this assignment was recorded on December 17, 1975, however, only in the mortgage records of Calcasieu Parish. LSA-R.S. 9:4401 specifically provides that the instrument creating the assignment, if it relates to rent of an immovable, must be recorded in the conveyance records in order to affect the rights of third persons. Recordation of an instrument in the mortgage records is not tantamount to recordation in the conveyance records. Under the circumstances, we conclude that such assignment, although binding as between Ronald Toomer and First Federal, is of no effect insofar as it purports to affect the rights of the Lowenthals.
Section B of R.S. 9:4401 provides that the statute is intended to provide an additional method of accomplishing an assignment or pledge of rents and not intended to repeal any other provisions of law in respect to pledge, pawn and assignment of incorporeal rights. Accordingly, we must determine whether under other applicable provisions of law based upon the undisputed facts of this case First Federal is entitled to judgment as a matter of law.
Civil Code Art. 2643 governs the method for effecting an assignment of rents or other incorporeal rights as regards third persons, and provides as follows:
"Art. 2643. Delivery as regards third persons, notice to debtor. The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.
The transferree may nevertheless become possessed by the acceptance of the transfer by the debtor in an authentic act."
Civil Code Art. 3160 provides the method for effecting a pledge of non-negotiable credits as against third persons and provides as follows:
"Art. 3160. Pledge of non-negotiable credits or instruments. When the thing given in pledge consists of a credit or instrument not negotiable, the pledge shall be complete as to all the world, as soon as the debtor of such pledged credit or instrument shall have been notified in writing of the giving of such pledge." (Amended by Acts 1900, No. 157, § 3.)
In the present case, it is undisputed that First Federal failed to give notice of the assignment or pledge, dated December 16, 1975 to Ogden Perry Theatres, Inc., the debtor. Whether the instrument in question be considered a pledge or an assignment, *357 in the absence of notice to the debtor, it can have no effect as to third persons.[1]
In 1978, when Joseph Lowenthal acquired an interest in the Charles Cinema property from Ronald Toomer, there was an existing lease, presumably recorded and effective against the Lowenthals.[2] In the act of sale, Mr. Lowenthal assumed the debt to First Federal evidenced by the note dated August 29, 1974 and secured by the mortgage and assignment of rentals of the same date. There is however, no assumption of the debt to First Federal evidenced by the note dated December 16, 1975, nor is there a reservation of rentals. Under such circumstances, although bound by the terms of the recorded lease, Lowenthal is entitled to the rent accruing subsequent to his acquisition. As stated in Prados v. South Central Bell Telephone Co., 329 So.2d 744 (La.1976):
"When, however, the lessor sells property during the term of a recorded lease, the purchaser in the absence of a contrary stipulation is bound by the obligations of the lessor. LSA-C.C. Arts. 2015, 2733; Spence v. Lucas, 138 La. 763, 70 So. 796 (1915); Walker v. Van Winkler [Winkle], 8 Mart. (N.S.) 560 (1830). In the absence of a contrary stipulation, the new owner is likewise entitled to the rent accruing subsequent to his acquisition, LSA-C.C. Arts. 1902, 2461, 2490; Carmouche v. Jung, 157 La. 441, 102 So. 518 (1924); Lesseigne v. Cedar Grove Realty Co., 150 La. 641, 91 So. 136 (1921); 29 La.L.Rev. 107."
Since the record fails to disclose any reservation by Toomer of the rentals accruing under the lease of the "Charles Cinema property" and no assignment or pledge of the rentals accruing thereunder, which can be deemed effective as to third persons, we conclude that the trial court erred in sustaining the motion for summary judgment filed by First Federal.
For the above and foregoing reasons, the judgment of the trial court dismissing the third party demand against First Federal Savings and Loan Association of Lake Charles is reversed and this matter is remanded for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] In so concluding, we do not necessarily endorse the negative implication, that in the present case if such notice had been given, the assignment or pledge would affect the interest of the Lowenthals.
[2] The lease of the Charles Cinema property between Ogden Nash Theatres, Inc., the debtor, does not appear in the record. However, the existence of such a lease is not put at issue by either of the parties and is in fact assumed by both parties throughout the record in their presentation of facts and arguments.