488 So.2d 1193 (1986)
MEXIC BROS., INC. and Lillian Small d/b/a Joan's French Lingerie
v.
108 UNIVERSITY PLACE PARTNERSHIP, Alliance Federal Savings & Loan Association, Laurence D. Rudman and Paul Valteau, in his capacity as Civil Sheriff for the Parish of Orleans.
No. CA 4673.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
Rehearing Denied June 18, 1986.
*1194 Dennis S. Mann, David J. Martin, Laurence D. Rudmann, Rudman, Howard, Laudumiey & Mann, New Orleans, for appellee.
Andrew M. Edwards, II, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, for appellants.
Before SCHOTT and BYRNES, JJ., and HUFFT, J. Pro Tem.
SCHOTT, Judge.
This is a concursus proceeding provoked by plaintiffs-lessees of a building owned by 108 University Place Partnership (hereinafter "University"). Defendants are Laurence D. Rudman and Federal Savings & Loan Insurance Corporation as Receiver for Alliance Federal Savings & Loan Association, competing creditors of University. From a judgment in favor of Rudman, FSLIC has appealed. The issue is whether an assignment of rents recorded in the mortgage office pursuant to LSA-R.S. 6:830(A) confers a privilege on the assignee which is superior to that of a seizing creditor even though the assignee did not make demand on the debtor for the rent until after the other seizure was made.
On January 4, 1983, University executed an assignment of rents in favor of Alliance to further secure an indebtedness of University to Alliance already secured by a collateral mortgage. This assignment of rents was recorded in the Mortgage Office of the Parish of Orleans on January 20, 1983.
In July, 1984 University defaulted in its obligation secured by the Rent Assignment and on June 28, 1985 Alliance, in an attempt to execute on the assignment, delivered notice to plaintiffs-lessees that all rents payable to University should be paid to Alliance as a result of the assignment.
In the meantime, Rudman had obtained a judgment against University and obtained a writ of fieri facias which was served on plaintiffs-lessees on June 27, 1985 together with a garnishment and seizure of rents.
Rudman's seizure took effect when the garnishment was served on plaintiffs-lessees, C.C. Art. 2411; and this entitled him to preference over ordinary creditors and other seizing creditors whose seizures came after his. C.C. Art. 2292. Based upon these articles, Rudman claims that his privilege primes Alliance's because his seizure of the rents was made on June 27 while Alliance's notice that rents were to be paid to it was not given plaintiffs until June 28.
*1195 Alliance's claim of preference over Rudman is based upon R.S. 6:830(A) which provides in pertinent part as follows:
".... The mortgage may provide for an assignment of rents, and if such assignment is made, any such assignment shall become absolute upon the mortgagor's default, becoming operative upon written demand by the association...."
R.S. 6:830(C) gives priority to a mortgage executed under this section provided it is recorded in the mortgage records within three working days after its execution (seven calendar days prior to amendment by Act 349 of 1985).
However, Rudman contends that Alliance's rent assignment was ineffective because it was not registered in the conveyance records pursuant to R.S. 9:4401(A):
"Any obligation may be secured by an assignment of lessees or rents ... Such assignment may be effected in an act of mortgage ... If such ... assignment is made it shall become absolute upon the assignor's default ... and shall become operative as to the debtor upon written notice to the debtor by the assignee. If such an assignment relates to a lease or rent of an immovable, it shall have effect... and shall be deemed perfected by the filing of an executed original or a certified copy of the instrument creating the assignment in the conveyance records of the parish in which the immovable is situated."
In Toomer v. Lowenthal, 430 So.2d 353 (La.App. 3rd Cir.1983) the court held that an assignment of rents in favor of a savings and loan institution in connection with a mortgage was ineffective as to a third party because it was not registered in the conveyance records even though it was recorded in the mortgage records.
We disagree with the Toomer case and decline to follow it. Subsection B of R.S. 9:4401 provides:
"This Section is intended to recognize one method of securing obligations and shall not have the effect of repealing any other provision of law in respect to pledge, pawn, and assignment of incorporeal rights."
R.S. 9:4401 was added to the law by Act 321 of 1980. The rent assignment provisions now contained in R.S. 6:830 were first enacted by Section 153 of Act 234 of 1970 and were then contained in R.S. 6:833. By Act 675 of 1983 the legislature reenacted these provisions as a part of the Louisiana Savings and Loan Law. When the language of former R.S. 6:833, now R.S. 6:830(A), "... if such assignment is made, any such assignment shall become absolute upon the mortgagor's default, becoming operative upon written demand by the association", is compared with that of R.S. 9:4401(A), "If such ... assignment is made it shall become absolute upon the assignor's default ... and shall become operative as to the debtor upon written notice to the debtor by the assignee ..." it is clear that the legislature when adopting R.S. 9:4401 was cognizant of the other rent assignment provisions then contained in R.S. 6:833 (now R.S. 6:830) because the words of the statutes are practically identical. Thus, the language of R.S. 9:4401(B) expressing an intention not to repeal other provisions of law in respect to assignment had to apply to the mortgage recordation provisions of R.S. 6:833 (now R.S. 6:830).
In the Toomer case the court made this observation at page 356:
"Section B. of R.S. 9:4401 provides that the statute is intended to provide an additional method of accomplishing an assignment or pledge of rents and not intended to repeal any other provisions of law in respect to pledge, pawn and assignment of incorporeal rights. Accordingly, we must determine whether under other applicable provisions of law based upon the disputed facts of this case First Federal is entitled to judgment as a matter of law."
In the discussion that follows the court considered other provisions of the law applicable, but nowhere does the court mention R.S. 6:833. We are convinced that had this section been cited to and considered by the court it would have reached the opposite *1196 result. We hold that the recordation of the assignment in the present case in the mortgage records was in compliance with R.S. 6:833 (now R.S. 6:830), the assignment did not have to be registered in the conveyance records and the assignment was effective with respect to third parties including Rudman.
By providing that "such assignment shall become absolute upon the mortgagor's default" the statute clearly contemplates that from the time of default the savings and loan creditor has an absolute right to exercise its privilege simply by notifying the tenant to pay the rent to it and not to the landlord-debtor. The words "becoming operative upon written demand by the association" have to do with the relationship between the association and its debtor's tenants. These words do not mean the association's privilege does not affect third parties until written demand for the rent is made as Rudman argues. This privilege affected third parties like Rudman when default occurred in the face of an assignment which was duly recorded in the mortgage records.
Accordingly, the judgment of the trial court is reversed and set aside and there is judgment in favor of Federal Savings & Loan Insurance Corporation as receiver for Alliance Federal Savings & Loan Association and against Laurence D. Rudman recognizing Federal's Assignment of Rents as superior to Rudman's garnishment and ordering plaintiffs-lessees to pay their rent to Federal.
All costs are assessed against Rudman.
REVERSED AND RENDERED.