WATKINS, Judge.
The trial court awarded rental monies seized pursuant to a garnishment by a judgment creditor, Jay’s Commercial Carpets, Inc. (Jay’s), to an intervenor, Federal Savings and Loan Insurance Corporation (FSLIC), recognizing the superior claim of an assignee. Finding no defect in the rec- *682 ordation of the earlier assignment of rents, we affirm the judgment in this respect. However, we amend to provide for the proper allocation of costs of the garnishment, since the judgment was silent as to costs.
The facts giving rise to this controversy are undisputed. Chronologically, they are:
April 19, 1984: Malcolm E. Ziegler, Albert J. Kern, and Robert A. Peterson executed a mortgage and an assignment of rents in favor of Alliance Federal Savings and Loan Association (Alliance), which has been succeeded by its receiver, FSLIC.
April 26, 1984: The two documents were recorded in the mortgage records of the Parish of East Baton Rouge, the mortgage as Original 554, Bundle 9659; the assignment as Original 557, Bundle 9659.
April 30, 1984: The mortgaged property, known as the “Attorneys’ Building” was sold to Magna Interests, Inc. (Magna), whose executive vice-president, Mr. Peterson, was the mortgagor.
July 29, 1984: Magna contracted with Jay’s to install carpeting in the building.
November 1, 1984: The mortgagors and former owners had defaulted on the Alliance loan.
February 26, 1985: Upon default of the owner, Jay’s filed a materialman’s lien on the property, recorded as Original 824, Bundle 9730.
September 10, 1985: The mortgagors and Magna were given written notice that FSLIC was exercising Alliance’s rights under the assignment to receive the rents from the Attorneys’ Building.
October 31, 1985: The Public Affairs Research Council (PAR), one of the lessees in the building, was given written notice that FSLIC was exercising rights under the assignment, and FSLIC began receiving the rental payments from PAR.
May 19, 1986: Jay’s obtained a judgment against Magna for $15,075.00.
August 29, 1986: Jay’s filed a petition for garnishment to enforce the judgment.
January 23, 1987: A writ of garnishment was issued against the PAR rents. PAR began forwarding its rents to the Sheriff of East Baton Rouge Parish for the months of March 1987 through March 1988, inclusive.
February 26, 1987: FSLIC intervened in the lawsuit, contending its rights to the PAR rents pursuant to the assignment were superior to Jay’s rights to the rents as seizing creditor.
Thereafter, the trial court issued an order to the sheriff to hold the rents received by him. FSLIC moved for summary judgment. Jay’s filed an opposition and a cross-motion for summary judgment.
When the trial court ruled in favor of FSLIC, Jay’s perfected this appeal. FSLIC answered the appeal, seeking redress from the sheriff’s action of deducting his costs from the rents he ultimately remitted to FSLIC pursuant to the judgment.
The sole issue raised by appellant is: to be effective against third parties must a document containing an assignment of rents to a savings and loan association, which document exists separate from a mortgage instrument, be recorded in the conveyance records, or can the two documents be recorded in the mortgage records pursuant to LSA-R.S. 6:830(A)?
LSA-R.S. 6:830(A) provides:
Except as otherwise provided in this Chapter, every loan on immovable property shall be secured by a mortgage upon the property, accompanied by a certificate of the attorney of the association to that effect, and also, where applicable, accompanied by a pledge to the association of any shares or savings accounts borrowed upon. Such mortgage shall provide specifically for full protection to the association with respect to the loan and additional advances, and the usual insurance risks, taxes, assessments, other governmental levies, maintenances, and repairs. The mortgage may provide for an assignment of rents, and if such assignment is made, any such assignment shall become absolute upon the mortgagor's default, becoming operative upon written demand by the association. A declaration of the pledge creates a valid and complete pledge of the shares or savings accounts and of all future payments or credits thereon.
*683 Jay’s and FSLIC cite two cases: Toomer v. Lowenthal, 430 So.2d 353 (La.App. 3d Cir.1983), wherein the third party ultimately prevailed; and Mexic Bros., Inc. v. 108 University Place Partnership, 488 So.2d 1193 (La.App. 4th Cir.), writ denied, 494 So.2d 1174 (La.1986), wherein the savings and loan association ultimately prevailed. At first glance the two decisions seem to conflict. However, we perceive a way of reconciling the eases without doing violence to the legislative intent apparent in LSA-R.S. 6:830(A).
The assignment in Toomer was an assignment of rents to be collected from a piece of commercial property, but the debt it was given as security for was secured also by a mortgage on the borrower’s residence. Therefore, although the mortgage (on the residence) and the assignment of rents (from the commercial property) were recorded on the same day in the mortgage records, but not in the conveyance records, it is doubtful that a situation calling for the application of LSA-R.S. 6:830(A) existed.
Nevertheless, Jay’s argues that Toomer, not Mexic Brothers, should control here. Admittedly, in Toomer the original assign- or sold the commercial property after the assignment had been executed, and the assignment was not referred to in the sale. But the contest in Toomer was between the savings and loan association and the buyer of the commercial property of the original assignor, not between the savings and loan association and a creditor of the buyer.
In Mexic Brothers, as in the case sub judice, the parties competing for the rents were a savings and loan association and a seizing creditor. The Fourth Circuit Court held that LSA-R.S. 6:830(A) confers a privilege on the assignee which is superior to that of a seizing creditor. We fail to see why the existence of an intervening sale to Jay’s debtor (Magna) should be of any significance. Jay’s is not asserting a right against the immovable property; Jay’s is claiming a mere right to garnish the rents, which right is subordinate to the pre-exist-ing assignment.
Nor do we find any necessity for the assignment and the mortgage to be in the same document. Paragraph A of Section 830 must be read as a whole. Paragraph A authorizes a loan on an immovable only if the savings and loan association becomes a mortgagee; it also authorizes the savings and loan association to become an assignee. The obvious intent of the legislature was to give the savings and loan association the option of taking an assignment of rents as additional security for a debt secured by its mandatory mortgage. As long as the mortgage and the assignment deal with the same immovable property, the fact that they are in separate documents is immaterial. The public is protected by their rec-ordation in the mortgage records.
Accordingly, we affirm the trial court’s judgment ranking FSLIC’s assignment superior to Jay’s garnishment.
Finally, we must consider FSLIC’s claim for the costs of the garnishment filed by Jay’s. The trial court’s judgment, being silent as to costs, was in error in this respect. Between the two parties before us on appeal, the appellant Jay’s and the appellee FSLIC, the appellant bears the responsibility for incurring the costs. Accordingly, the judgment of the trial court is amended to cast Jay’s Commercial Carpets, Inc. for costs of the garnishment proceedings. Additionally, appellant shall bear all costs of appeal.
AMENDED, AND AFFIRMED AS AMENDED.