WATSON, Justice.*
In this dispute over rents from a commercial building, the plaintiff judgment creditor, Jay’s Commercial Carpets, Inc., claims priority over the mortgage holder because an assignment of leases and rents to the mortgagee was not recorded in the conveyance records as required by LSA-R.S. 9:44o!.[1]
Three individuals executed a mortgage and an assignment of rents from the mortgaged property in favor of Alliance Federal Savings and Loan Association. Alliance has been succeeded by its receiver, FSLIC. Both the mortgage and assignment were recorded in the mortgage records of East Baton Rouge Parish.
Subsequently, the mortgaged property, the “Attorneys’ Building,” was sold to *1349 Magna Interests, Inc. Magna contracted with Jay’s to install carpeting in the building, but Jay’s was not paid.
When there was a default on the Alliance loan, FSLIC exercised its rights under the assignment and Jay’s filed a lien for labor and materials. Pursuant to FSLIC’s assignment rights, it notified one of the lessees in the building, the Public Affairs Research Council (PAR). Beginning December 1, 1985, PAR made its monthly rent payments to FSLIC.
Jay’s received a judgment against Magna for $15,075 on May 19, 1986. When Jay’s obtained a writ of garnishment against the PAR rents, FSLIC intervened in the law suit, contending its rights to the rents under the assignment were superior to Jay’s rights as seizing creditor.
Both Jay’s and FSLIC moved for summary judgment and the trial court rendered summary judgment in favor of FSLIC. The court of appeal amended and affirmed [2] as amended,[3] concluding that FSLIC’s assignment was superior to Jay’s garnishment under LSA-R.S. 6:830(A).[4] A writ was granted to consider the judgment of the court of appeal.[5]
Rents from immovable property- are incorporeal immovables. LSA-C.C. art. 470.[6] A pledge of an immovable is an an-tichresis. LSA-C.C. art. 3135.[7]
LSA-R.S. 6:830(A) provides in pertinent part that the mortgage of a savings and loan association “may provide for an assignment of rents, and if such assignment is made, any such assignment shall become absolute upon the mortgagor’s default, becoming operative upon written demand by the association.” Although this assignment was in a separate document, it refers to the mortgage and the two instruments were recorded in the mortgage records.
Mexic Bros. v. 108 University Place, 488 So.2d 1193 (La.App. 4th Cir.1986), writ denied, 494 So.2d 1174 (La.1986), correctly held that an assignment of rents to a savings and loan association recorded in the mortgage records but not the conveyance records was valid and effective towards third parties.[8] Under subsection (B) of R.S. 9:4401, the statute is “one method of securing obligations, and shall not have the effect of repealing any other provision of law in respect to pledge, pawn, and assignment of incorporeal rights.” Therefore, an assignment of rents can be valid under LSA-R.S. 6:830(A) even though it is not recorded in the conveyance records as required by LSA-R.S. 9:4401(A).
A valid assignment of leases and rents was made to this mortgage holder pursuant to LSA-R.S. 6:830(A). The recorded *1350 assignment has priority over the judgment obtained by Jay’s.
For the foregoing reasons, the judgment of the court of appeal herein is affirmed.
AFFIRMED.
LEMMON, J., dissents
CALOGERO, C.J., dissents and assigns reasons.

 Judge Patrick M. Schott of the Fourth Circuit Court of Appeal participated in this decision as Associate Justice Ad Hoc.

. LSA-R.S. 9:4401 states, in pertinent part:
A.Any obligation may be secured by an assignment of leases or rents, or both leases and rents. Such assignment may be expressed as a conditional or collateral assignment, and may be effected in an act of mortgage, by a separate written instrument of assignment, or by a separate written instrument of pledge, and may be referred to, denominated, or described as a pledge or an assignment, or both. If such conditional or collateral assignment is made, it shall become absolute upon the assignor’s default in respect to the obligation thereby secured or in accordance with the terms of the instrument creating such assignment, and shall become operative as to the debtor upon written notice to the debtor by the assignee. If such an assignment relates to a lease or rent of an immovable, it shall have effect, other than between the immediate parties, or those on whose behalf or for whose benefit they act, and shall be deemed perfected by the filing of an executed original or a certified copy of the instrument creating the assignment in the conveyance records of the parish in which the immovable is situated.
B. This Section is intended to recognize one method of securing obligations, and shall not have the effect of repealing any other provision of law in respect to pledge, pawn, and assignment of incorporeal rights.
C. This Section is remedial and shall be retroactive. All assignments of leases or rents heretofore made in compliance with the provisions of this Section are hereby validated.
[[Image here]]

. Jay’s Commercial Carpets, Inc. v. Magna Interests, Inc., 551 So.2d 681 (La.App. 1st Cir.1989).

. The amendment merely assessed Jay's for costs of the garnishment.

. LSA-R.S. 6:830(A) states:
Except as otherwise provided in this Chapter, every loan on immovable property shall be secured by a mortgage upon the property, accompanied by a certificate of the attorney of the association to that effect, and also, where applicable, accompanied by a pledge to the association of any shares or savings accounts borrowed upon. Such mortgage shall provide specifically for full protection to the association with respect to the loan and additional advances, and the usual insurance risks, taxes, assessments, other governmental levies, maintenances, and repairs. The mortgage may provide for an assignment of rents, and if such assignment is made, any such assignment shall become absolute upon the mortgagor’s default, becoming operative upon written demand by the association. A declaration of the pledge creates a valid and complete pledge of the shares or savings accounts and of all future payments or credits thereon.

. 553 So.2d 478 (La. 1989).

. LSA-C.C. art. 470 states:
Rights and actions that apply to immovable things are incorporeal immovables. Immov-ables of this kind are such as personal servi-tudes established on immovables, predial ser-vitudes, mineral rights, and petitory or posses-sory actions.

. LSA-C.C. art. 3135 states:
A thing is said to be pawned when a movable thing is given as security; and the anti-chresis, when the security given consists in immovables.

. Mexic Bros. declined to follow a contrary opinion in Toomer v. Lowenthal, 430 So.2d 353 (La.App. 3rd Cir.1983), which is disapproved.