CALOGERO, Chief Justice,
dissenting.
Alliance Federal Savings & Loan might have utilized La.R.S. 9:4401, recorded the assignment of rents in the conveyance records, and primed the materialman. In my view Toomer v. Lowenthal, 430 So.2d 353 (La.App. 3d Cir.1983), and not Mexic Bros. v. 108 University Place, 488 So.2d 1193 (La.App. 4th Cir.1986), had it right. In Toomer, the court of appeal correctly determined that an assignment of rents recorded in the mortgage office was not effective against a third party purchaser of the rental property since R.S. 9:4401 required recordation in the conveyance records. However, Alliance did not record the assignment in the conveyance records, but in the mortgage office, and they relied instead on La.R.S. 6:830(A). But R.S. 6:830(A) states that the “mortgage may provide for an assignment of rents ...” (emphasis added). In this instance the mortgage did not so provide. The separate instrument containing the assignment of rents, filed in the mortgage office, does not comply with the statute.
Although R.S. 6:830(A) refers to an “assignment” of rents, the statute actually describes a pledge contract, as the majority opinion notes. The statute grants a privilege and a preference to the assignee of rents upon the mortgagor’s default (becoming operative upon written demand). Privileges are to be strictly construed. Texas Bank of Beaumont v. Bozorg, 457 So.2d 667, 674 (La.1984). Since 6:830(A) was not strictly followed, I would hold, not that the assignment of rents is invalid, but only that it does not prime the materialman’s lien.