(91 South. 136)

No. 24324.

LESSEIGNE et al. v. CEDAR GROVE REAL-
TY CO., Inc.

(May 2, 1921. On Rehearing, Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⟜150(1), 151(1)—Par-
ties ⟜40(2)—Third parties alleging interest,
and that they were aggrieved by judgment,
may intervene and appeal.**

The law gives third persons the right of
intervening and appealing in any case where
they allege that they have an interest in the
cause, and where they have been aggrieved by
the judgment rendered.

2. **Vendor and purchaser ⟜196—Sales; pur-
chaser held entitled to rent notes given in
advance.**

Rents and fruits of an immovable belong
primarily to its owners, and, where ownership
is obtained by transfer pending the lease, the
recorded lease goes with the property, and the
rights of vendor and purchaser date from the
sale, and purchaser must be held entitled to
rent notes given in payment of a year subse-
quent to the sale, in view of Civ. Code, arts.
2015 and 2461.

On Rehearing.

3. **Evidence ⟜460(5)—Parol evidence that
rents to accrue subsequent to transfer were
not to be conveyed properly excluded.**

In a purchaser's action against vendor to
recover tenant's rent notes given in advance
for a year subsequent to transfer, excluding
parol evidence to show that the rents to accrue
upon property for such year were not con-
veyed with the property *held* correct.

4. **Vendor and purchaser ⟜196—Sales; pur-
chaser may not recover advanced rent for
that part of the year expiring before the
transfer.**

In a purchaser's action against vendor to
recover tenant's rent note given in advance for
a year subsequent to sale, *held*, that plaintiff
was not entitled to recover rent for that part
of the year prior to transfer.

O'Niell, J., dissenting.

Appeal from Civil District Court, Parish
of Orleans; Wynne G. Rogers, Judge.

Suit by Augustin Lesseigne and others

against the Cedar Grove Realty Company, In-
corporated, upon a note. Judgment for plain-
tiffs, and they appeal for correction of an er-
ror in amount, and defendant answered, ask-
ing reversal. Prentiss E. Edrington, Jr., al-
leging himself aggrieved by the judgment, in-
tervened, and also appealed. Plaintiffs' mo-
tion to dismiss his appeal is denied, judgment
amended, and, on rehearing, decree corrected
to allow defendant to recover in reconven-
tion against plaintiff.

John R. Upton and Jones T. Prowell, both
of New Orleans, for appellants Lesseigne
and others.

Warren V. Miller and Thomas E. Furlow,
both of New Orleans, for appellant Edring-
ton.

Prentice E. Edrington, Jr., of New Orleans,
for appellee.

SOMMERVILLE, J. Plaintiffs, as own-
ers of a certain plantation in St. Charles
parish, sue for the possession of a rent note
amounting to $2,850, for the rent of that
plantation for the year beginning March 1,
1920, which rent note they allege was with-
held by defendant at the time of the sale of
the plantation by the latter to them on Jan-
uary 26, 1920; said note being marked non-
negotiable, and signed by the tenant of the
place.

Defendant answered, admitting that it had
sold the plantation to the plaintiffs at the
time indicated, but that the rent and rent
note for the year 1920 was reserved to them,
and it did not pass with the plantation, un-
der a verbal understanding made before or
at the time of the sale of the plantation.

There was judgment in favor of plaintiffs
for the note sued upon, but the clerk, in writ-
ing up the judgment, said that it was for
$1,850 instead of $2,850, and plaintiffs took
an appeal for the purpose of having this er-
ror corrected.

The defendant, the Cedar Grove Realty

Company, Inc., has answered the appeal, asking for a reversal of the judgment on the ground of erroneous rulings of the court in rejecting parol testimony to prove the alleged contract with reference to the note being reserved by it, the defendant. In our view of the case it will not be necessary to pass upon this important question. Besides, in the case of Bostwick v. Thomson, 149 La. 152, 88 South. 775, this day decided, the question of the admission of parol evidence to vary, contradict, or enlarge the terms of an authentic act of sale was decided adversely to the position of defendant in this case. Defendant also filed an exception of no cause of action in this court, but the statement of the case shows that the petition contains a cause of action.

[1] Prentiss E. Edrington, Jr., alleging himself to have been aggrieved by the judgment against defendant, also appealed, and his appeal is found in the same record. The plaintiffs moved to dismiss the appeal of Edrington on the ground that he was without interest; but the law gives to third persons the right of intervening and appealing in any case where they allege that they have an interest in the cause, and where they have been aggrieved by the judgment rendered.

On the same day that Edrington filed his appeal, he also filed an assignment of errors based on the ruling of the court in disallowing oral evidence to vary the terms of an authentic act. This point has already been disposed of.

And on that same day, February 11, 1921, plaintiffs filed an answer to the appeal of Prentiss E. Edrington, Jr., asking for a dismissal of his appeal on the ground that he was without interest.

The lease of the plantation by defendant to the present lessee, Theodore J. Nagel, is of date March 20, 1919. It was to commence on that day and terminate on the 30th day of December, 1921. The consideration and rent was fixed at $2,850 per year for the first and second years, and $2,700 for the third year, payable on the 21st of October of each year, represented by notes which were nonnegotiable promissory notes for the above amounts, and delivered to the lessor at the date of their issuance.

It would appear that the first note, for the year ending March 1, 1920, has been paid. And this suit is for the second note, falling due March 1, 1921. The only question in the case is whether the second note now sued for passed to the plaintiffs when they bought the plantation from defendants on January 26, 1920.

In the act of sale it was declared by defendant that it did "grant, bargain, sell, convey, transfer, assign, set over, abandon and deliver, with all legal warranties, and with full subrogation and substitution in and to all their rights and actions in warranty which the said Cedar Grove Realty Company, Inc., has or might have against all preceding owners, vendors and warrantors, unto the plaintiffs in this cause for the sum of $56,-000." And in the act of sale it was said that the place was free from "all incumbrances in its name except the lease by Sidney Crespo et al. to Theodore Nagel, which is fully set forth in the mortgage certificate attached hereto and made part hereof." This lease or incumbrance, in favor of Theodore Nagel, was a burden which the property went burdened with to the plaintiffs in this cause. The lease was not an incumbrance in favor of the vendor. The vendor had sold, conveyed, transferred, assigned, set over, abandoned and delivered the property to the plaintiffs and this sale and delivery carried with it the property and the lease, together with the rent notes to plaintiffs. There is no merit in the contention of defendant that the lease did not pass with the plantation.

"This court has said in several cases 'that the purchaser of property is presumed to acquire all actions appurtenant to the property

and necessary to its perfect enjoyment; but as to damages actually suffered by the vendor before the sales they are personal to him and can not be recovered by the purchaser without an express subrogation.' Clark v. Werner, 6 La. Ann. 408; Payne, Jr., v. James & Trager, 42 La. Ann. 234, 7 So. 457; Matthews v. Alsworth, 45 La. Ann. 466, 12 So. 518." Bradford v. Demare, 46 La. Ann. 1530, 16 South. 487.

[2] The rents and fruits of an immovable belong primarily to its owner; and the ownership, made by transfer from one person to another pending the lease, and the lease, if recorded, go with the property. It was said in the case of Summers & Brannins v. Clark, 30 La. Ann. 436:

"As rents are considered to accrue day by day, and as being due by successive obligations, it may well happen that the rents of today are due to A., and those of tomorrow to B., though the lessee hold under one and the same contract all the while. In principle, therefore, where the right to receive the rents has passed from one person to another, the tenant cannot plead, against the latter's demand for rent, payments he may have made, by anticipation, to the former.

"A tenant who has given negotiable promissory notes for future rents ought to be considered in a position similar to one who has paid his rents in advance. The question, therefore, presented for our decision is, When rents to accrue in the future have been paid in advance, * * * does a seizure of the leased immovable by a judgment creditor or lessor operate a seizure of rents accruing after the seizure?"

And it was held that they did.

"The rents and fruits of an immovable under seizure 'are considered as making part' of the thing seized—C. C. 466—and the sheriff is required 'to take them.' C. P. 656." Summers & Brannins v. Clark, supra.

The rights of the vendor and the vendee date from the day of the sale. The declaration in the petition and in the deed include the rent for the year 1920, and the judgment appealed from was correct, except as to the amount of the note sued for. See Matthew v. Alsworth, 45 La. Ann. 465, 12 South. 518.

The law on the subject is contained in article 2461 of the Civil Code, which reads:

"The sale of a thing includes that of its accessories, and of whatever has been destined for its constant use, unless there be a reservation to the contrary"

—and article 2015, which reads:

"Not only servitudes, but leases and all other rights, which the owner had imposed on his land before the alienation of the soil, form real obligations which accompany it in the hands of the person who acquires it, although he may have made no stipulation * * * in the act of transfer."

As the act of sale makes no mention of the retention by the vendor of the rent of the property for the year which was to become due, but, on the contrary, makes full and free delivery of the property with the rights, which included the lease, it becomes unnecessary to discuss the admission of parol evidence to change the written act of sale.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by commanding the Cedar Grove Realty Company, Inc., through its officers or attorneys, to deliver possession of the note herein sued upon to petitioners, said note being valued at $2,850, with interest from October 1, 1920, at the rate of 8 per centum per annum, with costs to be paid by defendant.

DAWKINS, J., recused.

O'NIELL, J. (dissenting). I do not understand why the plaintiff in this case should have judgment for the promissory note sued for upon the theory that testimony was not admissible to prove that the note was not sold to plaintiff. There is no evidence whatever that the note was sold to plaintiff. As far as the deed of sale of the plantation shows, the rent note did not belong to defendant at the time of the sale, and had never belonged to defendant. The contract of lease is referred to in the opinion by Mr. Justice SOMMERVILLE as "the lease of the plantation

by defendant to the present lessee, Theodore J. Nagel." But that is a mistake. The lease to Theodore J. Nagel was made by Sidney Crespo et al., the former owners of the plantation, on the 20th of March, 1919. Crespo et al. received the rent notes, and they afterwards sold the plantation to the defendant, Cedar Grove Realty Company. The latter sold the plantation to plaintiff on the 26th of January, 1920. That sale was made subject to the lease, as an incumbrance against the property. It was so stipulated in the act of sale, viz.:

·"According to the certificate from the register of conveyances and recorder of mortgages in and for the parish of St. Charles, it does not appear that said vendor has heretofore alienated said property, and said [property] is free from all incumbrances in its name, except the lease by Sidney Crespo et al. to Theodore Nagel, which is fully set forth in the mortgage certificate attached hereto and made part hereof."

There is not the slightest intimation in the deed that the Cedar Grove Realty Company intended to sell—or that the company then owned, or had ever owned—the rent note which Theodore J. Nagel had given to Sidney Crespo et al.

The fact that the rent note was not negotiable, in the sense that a transfer of it for value before maturity would cut off all defenses that might have been pleadable against the original holder, is a matter of no importance. The note was transferable. It is conceded that plaintiff was not entitled to collect the rent from Theodore J. Nagel without owning the note which Nagel had given to Sidney Crespo et al. That is why plaintiff sued for the note itself, not for the amount of money represented by the note. It is therefore quite certain that, if the Cedar Grove Realty Company had intended to transfer to plaintiff the amount of rent represented by the note which the lessee had given to Crespo, it would have been done by transferring the note itself, and the fact of

the transfer would have been mentioned in the deed, because the contract of lease attached to the deed showed that the note was not originally owned by the Cedar Grove Realty Company.

In view of the fact that the deed of sale of the plantation by the Cedar Grove Realty Company to plaintiff does not contain a recital that the vendor intended to sell also the rent note which had been given by Theodore J. Nagel to Sidney Crespo et al., I do not subscribe to the ruling that verbal testimony that the vendor did not intend to sell the rent note would have been a contradiction of the deed.

The decisions cited in the majority opinion, to the effect that a sale of real estate includes the future rents and revenues if they be not mentioned in the deed, are not appropriate to this case. The sale of the plantation, in this instance, was made subject to the lease as an incumbrance against the property; and the deed showed upon its face that the rent for the year in which the sale was made was represented by a promissory note which the lessee had given to a third party. Under these circumstances, the burden of proof was upon the plaintiff, as purchaser of the plantation, not upon the defendant, who had sold the plantation, to show by verbal evidence that the intention of the parties was that the promissory note which Nagel had given to Crespo et al. was to go with the plantation.

I respectfully dissent from the opinion and decree rendered herein.

### On Rehearing.

DAWKINS, J. [3, 4] A further consideration of this case convinces us that the ruling of the trial court, excluding parol evidence to show that the rents to accrue upon the property for the year 1920, subsequent to the transfer on January 26th of that year, were not conveyed with the property, was correct. However, inasmuch as 26 days of the year

1920 had expired when the sale was made, the plaintiff is not entitled to recover the rents for that period, at the rate of $7.81 per day, or a total of $203.06. This amount defendant is entitled to recover in reconvention.

For the reasons assigned, our former decree is amended so as to allow the defendant, Cedar Grove Realty Company, Inc., to recover in reconvention against the plaintiffs the sum of $203.06, and, as thus amended, the said decree is reinstated and made the final judgment of this court.

O'NIELL, J., adheres to his dissenting opinion.