The judgment appealed from is therefore affirmed.

---

(102 So. 518)

No. 24880.

### CARMOUCHE v. JUNG.

(Dec. 1, 1924. Rehearing Denied Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Landlord and tenant ⬅95—Lessee held not entitled to dissolution of lease because of landlord's sale of premises during term.**

Lessee under properly recorded lease, who could not be legally evicted by purchaser from landlord before end of her term, *held* not entitled to dissolution of lease because landlord sold premises during term of lease.

2. **Landlord and tenant ⬅132(1)—Lessee not calling lessor in warranty held not entitled to damages for disturbance of possession.**

Where leased premises were sold during term of lease, lessee, not calling lessor in warranty, was not entitled to damages for disturbance of possession, in that subtenants abandoned their rooms because of such sale.

3. **Vendor and purchaser ⬅196—Sales; purchaser entitled to rent, accruing after purchase, not reserved by landlord.**

Under Rev. Civ. Code, arts. 1903, 2461, 2490, rent not reserved by landlord making sale of premises during term of lease, and which accrues after sale belongs to purchaser.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Action by Mrs. Lillie Carmouche against Peter Jung, wherein defendant reconvened. From a judgment for defendant in the main action, and for part of the relief sought by his plea in reconvention, plaintiff appeals. Affirmed.

James F. Pierson and Charles I. Denechaud, both of New Orleans, for appellant.

Wm. McL. Fayssoux, of New Orleans, for appellee.

LAND, J. Plaintiff leased from defendant No. 147 University place in the city of New Orleans, for a period of one year, commencing October 1, 1916, and ending September 30, 1917. The stipulated rental is $150 per month, for which plaintiff executed 12 rent notes, payable monthly, to the order of defendant. The property was leased by plaintiff as a rooming house. The lease contains the following clause:

"Lessor reserves the right to cancel the within lease upon thirty (30) days notice, at any time after April 1, 1917, and upon cancellation, and delivery of the property, to pay the lessee the sum of fifteen hundred dollars ($1,500.00)."

Plaintiff sues for the dissolution of the lease, on the ground that defendant breached same by disposing of the property on or about "March 20 to 24, 1917," to Albert Aschaffenburg and others, promoters of a stock company for the immediate construction of a 14-story hotel on the leased premises.

Plaintiff also demands the restitution of the four notes given for the four unexpired months of said lease, and, in default of restitution, the payment of their face value of $150 each, with 8 per cent. interest.

Plaintiff also demands the sum of $2,500 as damages for losses alleged to have been sustained, and for profits of which she claims to have been deprived, arising from the abandonment of the rooms on March 25, 1917, and immediately thereafter, by her tenants, due to their alleged panicky and demoralized condition, arising from the disposition of said property by defendant, and from certain interviews of the alleged purchaser, Aschaffenburg, appearing in the local papers, and announcing the immediate erection of a hotel building on the leased premises.

In the alternative, plaintiff prays for judgment against defendant in the sum of $1,500, stipulated as damages in the contract of lease, in the event defendant should exercise his right of cancellation after April 1, 1917.

As defendant did not exercise such right, the alternative demand of plaintiff is without any foundation upon which to rest.

As a matter of fact, defendant did not sell this property until August 1, 1917, to the Ponchartrain Hotel Company, Inc., as shown by act passed before Feibleman, notary. It is recited in the charter of said company:

"That said Albert Aschaffenburg has secured an option to purchase the ground on which it is proposed to erect a hotel building, and described as follows: The property known as 147 University place, between Canal and Common streets, etc.; which said option was granted by Peter Jung to said Albert Aschaffenburg on March 7, 1917, for 60 days, and has been extended." Tr. p. 26.

The suit of plaintiff was filed June 8, 1917, long prior to said sale, and after the granting of a mere option by defendant to purchase the property in question.

[1] Plaintiff's lease on the property was duly recorded in the conveyance office of the parish of Orleans April 9, 1917, prior to said sale, and it was not therefore legally possible for the purchaser to evict plaintiff, or to interfere with her possession as tenant, before the end of her lease, September 30, 1917.

Notwithstanding this fact, plaintiff removed her furniture voluntarily from the leased premises on June 16, 1917, in order to pledge same to secure a loan, and, consequently, at the date of the sale August 1, 1917, the leased premises had been abandoned.

As to the interviews appearing in the local papers on the part of Aschaffenburg, the testimony shows that defendant had no connection with the same, and that, while he is a stockholder in the Ponchartrain Hotel Company, he was not one of the promoters of said company. Defendant unquestionably, as owner of the property, had a right to grant either an option to sell, or to sell the same during the lease; the plaintiff being fully protected against any disturbance in her possession as tenant by the recordation of her lease.

[2] Plaintiff as tenant gave no notice to defendant, as lessor, of any disturbance in her possession, and did not call the latter in warranty, and consequently lost all right to claim damages from him, even if such claim ever had a legal basis. Fox v. McKee, 31 La. Ann. 67; C. P. art. 48.

The defendant claimed in reconvention the amount of the rent notes of plaintiff for the months of June, July, August, and September, 1917.

[3] The lower court dismissed plaintiff's suit, and gave judgment to defendant only on

the notes for June and July, holding that defendant having. sold the property on August 1, 1917, without reservation of the rent, the purchaser acquired the notes for August and September, in the absence of allegation or proof that the purchaser transferred or assigned to the vendor for a consideration the rent notes for the months of August and September, 1917. R. C. C. arts. 1903, 2461, 2490.

The judgment appealed from is in our opinion correct.

Judgment affirmed.

ROGERS, J., recused.