**FASTERLING v. GEORGE**

___

(April 7, 1930. Opinion and Decree.)

___

Cobb & Jones and Herman M. Baginsky, of New Orleans, attorneys for defendant, appellant.

Dymond & Levy and Geo. C. Schoenberger, Jr., of New Orleans, attorneys for plaintiff, appellee.

JANVIER, J. Plaintiff and her minor children, whom she herein represents as natural tutrix, are the owners of certain lands in the parish of Plaquemines. Defendant, Samuel George, during the spring of 1927, leased the said lands for the purpose of trapping muskrats thereon during the trapping season of 1927-1928. The trapping season, under the laws of Louisiana and in accordance with the regulations of the Department of Conservation, began on November 20, 1927, and terminated on February 5, 1928. George agreed to pay for the use of said lands for that season $2,000.

Plaintiffs allege that the said sum has not been paid, and this suit has for its object the recovery thereof.

Defendant admits that he entered into the lease contract, but avers that certain third persons attempted to enjoin his trapping on the said lands, claiming to have prior rights thereon as the result of an earlier lease obtained by them from the owners, and that, as the result of injunction proceedings, he was delayed in obtaining possession of the land and in commencing his trapping operations. He therefore claims that he is entitled to a diminution of his rent. He states that he has always been ready and willing to pay rent for such portion of the season as he was permitted to use the lands.

The record shows that, just prior to the opening of the season, a temporary restraining order was in fact issued on the petition of Plaquemines Parish Protective Association which association claimed to be the real lessees of the lands in question.

As George, defendant here and defendant in the injunction suit, also claimed to be lessee of certain other large acreages of trapping lands, and as in the injunction suit it was sought to enjoin his use of those other lands as well as of the acreages involved here, he determined to himself defend his rights to his use of all the property contemplated in the injunction

proceeding and refrained from calling his lessors in warranty, as he might have done in accordance with Civil Code, art. 2704, which reads as follows:

"If the persons by whom those acts of disturbance have been committed, pretend to have a right to the thing leased, or if the lessee is cited to appear before a court of justice to answer to the complaint of the person thus claiming the whole or a part of the thing leased, or claiming some servitude on the same, he shall call the lessor, in warranty, and shall be dismissed from the suit if he wishes it, by naming the person under whose rights he possesses."

When the matter came up for hearing in the district court during the month of December, 1927, the injunction was perpetuated as to certain other lands, but the restraining order was dissolved in so far as it applied to the particular lands of plaintiffs, and, on December 20, 1927, defendant commenced his trapping operations on plaintiff's lands.

It will be seen that he actually lost the use thereof for thirty days out of a total trapping season of 87 days. Claiming that this loss was chargeable to the owners, he asks that his rent be reduced by thirty-eighty-sevenths of $2,000; that is to say, to $1,310.85.

Plaintiffs find no fault with the mathematical calculations made by defendant as above set forth, but maintain that, as a result of his failure to avail himself of the remedy provided by the Code, he cannot claim the relief which he now seeks.

Defendant counters with the suggestion that the codal provision referred to does not make it his duty to call his lessor in warranty, but that it merely gives him the privilege of doing so, and that, in the event of his failure to do so, his rights are not lost, unless plaintiffs can show that, had they been called in warranty, some action could have been taken by them which could have defeated the injunction proceedings, or which would have brought them to an earlier conclusion. He bases this contention on Code of Practice, art. 388, which reads as follows:

"The defendant, though he has not called his warrantor to defend the suit brought against him, does not lose on that account his action in warranty, unless the warrantor proves that he had means for defeating the action which were not used, owing to the defendant having failed to call him in warranty, or having neglected to apprise him of the suit having been brought."

Defendant also argues that there was no necessity for him to call his lessors in warranty in the injunction proceeding, as they had knowledge of the pendency of that litigation by reason of the fact that plaintiff, Mrs. Fasterling, in her individual capacity, was called as a witness when the matter of the dissolution of the restraining order was tried in the district court. This last argument, which we will discuss first, does not impress us. Assuming for the moment that the article of the Civil Code makes it mandatory that a lessee disturbed in possession of the premises must call the lessor in warranty if it is intended to claim damages, it surely cannot be said that a formal call in warranty can be substituted by a summons to appear as a witness. The article does not provide that the lessee shall *notify* the lessor of the eviction or disturbance, but specifically provides for the *call in warranty*, and it has been many times **held**

that, unless the call in warranty is made, the right to claim damages is lost. In the syllabus of Fox vs. McKee, 31 La. Ann. 67, appears the following:

"Before a lessee can recover damages for any disturbance of his possession or enjoyment of the leased property by a third person, he must give personal, formal notice to the lessor of the disturbance, and call the latter in warranty."

See, also, Carmouche vs. Jung, 157 La. 441, 102 So. 518, 519, in which the court said:

"Plaintiff as tenant gave no notice to defendant, as lessor, of any disturbance in her possession, and did not call the latter in warranty, and consequently lost all right to claim damages from him, even if such claim ever had a legal basis."

We can see no reason to distingush between the right to claim damages and the right to claim a diminution in rent. In either case it is sought to make the owner of the property responsible for a loss the tenant has sustained or may sustain, and in either case it is only fair that the owner should be given the right of defending the suit in which he, more than any one else, is interested.

In Fox vs. McKee, supra, the Supreme Court dealt with a situation very similar to that which we are now considering and, with reference to the necessity for a call in warranty, where the lessee was disturbed in his occupancy of the premises, the court said:

"* * * McKee was bound to apprise his lessors of that fact by personal notice, to call them in warranty, and—by his neglect so to do—he has lost his recourse against them for the damages which may have resulted from the pretended disturbance."

The word "bound" certainly cannot be interpreted to mean "privileged," as is contended by defendant.

Nor do we think that the decision of the Supreme Court in Rojas & Conner vs. Seeger, 122 La. 218, 47 So. 532, can afford any comfort to defendant, although it is true that the court referred to article 2704 of the Civil Code as granting a "privilege." We well recognize that the right granted under that article is a privilege of which the tenant, who is interfered with in his enjoyment of the premises, is not forced to avail himself, but it is very evident that his failure to do so deprives him of his right to claim damages if the lessor can show that he could have defeated the injunction suit sooner than that consummation was obtained by defendant.

The cases of Rivas vs. Hunstock, 2 Rob. 187, and Sterling vs. Fusilier, 7 Mart. (O. S.) 442, are also relied on by defendant. Both of these cases involved sales and not leases and, furthermore, it is not held in either that the defendant need not call his vendor or lessor in warranty, but merely that, if he does not do so, he loses no rights, unless the vendor or lessor can show that he, if called in warranty, could have defeated the action.

Conceding, arguendo, article 388 of the Code of Practice has application here, and that, under it the failure of the lessee to call the lessor in warranty does not deprive the lessee of his right to damages, unless the lessor can show that he could have taken some action which would have defeated the injunction proceeding sooner than that result was accomplished by the lessor, nevertheless it seems to us quite evident that, in the case now before us, the lessors, if called in warranty, could have defeated the injunction proceeding as to their land much sooner than did the defendant, George.

In the first place, it appears that George did not take advantage of the plain remedy

which is afforded him by Act 29 of 1924, and which remedy could and in all probability would have been invoked by the lessors, and under which, on two days' notice, a motion to dissolve the restraining order could have been tried. Since the restraining order was dissolved, so far as these lands are concerned, immediately upon the matter being tried in the district court, we may assume that the same result could have been obtained much sooner if the statute to which we have referred had been at once invoked. In the second place, the record shows that when the matter was tried in the district court, as we have stated, there were involved in the same suit very large other acreages in addition to that owned by plaintiffs, and it is certain that the complicated issues presented by the other leases made a speedy trial and judgment as to plaintiff's lands impossible. Nor can we lose sight of the fact that, so far as the other lands were concerned, the right of defendant to trap thereon was denied.

While, in view of the conclusion to which we have come, we attach no great importance to the negotiations had between the parties subsequently to the termination of the trapping season, nevertheless we deem it significant that, in a letter written on April 2, 1928, by defendant, George, to the attorney for plaintiffs, no mention whatever is made of the delay; nor does defendant in that letter ask for or claim the right to a diminution in rent. This letter reads as follows:

"I am at present in a bad situation financially, due to Rose's actions. I will be all right again in ten days. Please tell Mrs. Fasterling to wait for a few days longer.

"I have a conference with my backers this afternoon and will be able to go ahead with my plans in a very short time—Mrs. Fasterling will get her money."

The district court rendered judgment in favor of plaintiff for $2,000 as prayed for. Since we believe that this judgment is correct,

It is ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.