526 So.2d 455 (1988)
Robert M. MALTBY, Individually, and for and on Behalf of his Wife, and Robin Posey Maltby
v.
Kohlmann GAUTHIER, M.D., Metairie General Hospital, Certain Members of its Staff and their Insurers.
No. 87-CA-856.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
*456 John P. Ferrara, New Orleans, for plaintiffs-appellants.
M. Arnaud Pilié, René A. Curry, Jr., New Orleans, for defendants-appellees.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by Robert and Robin Maltby, plaintiffs-appellants, from a judgment sustaining an exception of res judicata urged by Kathye G. Stevens, executrix of defendant's estate and judicial liquidator of his medical corporation. The sole issue in this case is whether a written settlement agreement entered into by the parties, and compromising plaintiffs' claims for $30,000, is valid, even though no term for performance was included in the document. The trial judge found that the document was a valid compromise of the suit, and sustained the exception of res judicata. For the following reasons, we affirm that judgment.
This is a medical malpractice suit filed by plaintiffs in 1980, which alleged that surgery on Robin Maltby in 1972 and 1973, was negligently performed by defendants, rendering her unable to bear children, and that this problem was not discovered by Mrs. Maltby until 1979, within one year of filing the suit. Defendants urged the exception of prescription based on La. R.S. *457 9:5628, and prevailed at trial and in the appellate court (at 489 So.2d 396) (La.App. 5th Cir.1986) (en banc). A writ of certiorari was granted by the Louisiana Supreme Court, and argument was made on February 23, 1987. While still in the courtroom, immediately after argument, defense and plaintiffs' counsel agreed to compromise the claim for $30,000, and this agreement reduced to writing.
It further appears from the record that Dr. Kohlmann Gautier, the surgeon, was at that time deceased, and his medical corporation, New Orleans Metairie Hospital Foundation, was in liquidation proceedings. Kathye Gauthier Stevens was testamentary executrix of the succession, as well as judicial liquidator of the corporation. On April 28, 1987, Ms. Stevens filed in the liquidation proceedings a Petition to Compromise Claim, setting forth the terms of the compromise agreement and seeking court authorization to distribute the settlement funds out of the assets of the corporation. On May 14, 1987, a notice of this application to the court for authority to compromise the suit was run in the appropriate newspaper.
Then, on May 18, 1987, the Supreme Court handed down an opinion in the Maltbys' favor, reversing the court of appeal, and ruling that the claim had not prescribed (at 506 So.2d 1190 (La. 1987)). Two days later, counsel for plaintiffs wrote defense counsel a letter stating that "it was verbally agreed that payment would be made within 30 days of the signing of the tentative agreement." Because no funds had yet been dispersed to plaintiffs, their counsel further stated that they were rescinding the settlement offer and now wished to proceed to trial. On May 27, 1987, defense counsel sent a check for the settlement amount plus interest, with a letter stating that plaintiffs' repudiation of the settlement agreement was "rejected". Plaintiffs returned the check and sought to continue their suit, at which time defendants urged their exception of res judicata. The exception was sustained, and this appeal followed.
The parties agree that when it is asserted that a suit has been compromised, a proper procedural device which may be used is the peremptory exception of res judicata, La.Code Civ.Pro. art. 927; La.Civ. Code, arts. 3071, 3078; Salling Wiping Cloth Co. v. Sewell, Inc., 419 So.2d 112 (La. App. 2nd Cir.1982). Civil Code article 3071, also provides that a compromise must be reduced to writing. The law further provides that compromise agreements are to be construed as are other contracts, i.e. according to the true intent of the parties, and this intent is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences, La. Civ. Code, arts. 2045 and 2046; Condoll v. Johns-Manville Sales Corp., 448 So.2d 169 (La. App. 5th Cir.1984).
Additionally, compromise agreements cannot be attacked for error in law or lesion, but can be contested for errors in calculation, which may be corrected, error in the person or on the matter in dispute, or for fraud or violence, La. Civ. Code arts. 3078 and 3079. The meaning and intent of such agreements must be sought within the four corners of the document, and parole evidence is inadmissible, except to show those defects enumerated in arts. 3078, and 3079. Smith v. Leger, 439 So.2d 1203 (La. App. 1st. Cir.1983). Finally, a compromise agreement must be complete in itself and clearly reveal the intent of the parties without resort to parole evidence, Senegal v. Delahoussaye, 311 So.2d 58 (La. App. 3rd Cir.1975).
In the present matter, there is no allegation as to error of calculation, error in the person or the matter in dispute, or fraud or violence. The only allegation is that because no time for performance is contained in the writing, there is some ambiguity as to its meaning which cannot be resolved by reference to the writing itself, and the contract is therefore void. This argument presupposes the erroneous proposition that where time for performance is not specified in a contract, an ambiguity thereby arises which can only be resolved by resort to parole evidence which, except in those instances shown above, cannot be *458 heard in regard to a compromise agreement. The law is otherwise. As provided in La. Civ. Code art. 1778, when a term for performance is not determinable, the obligation must be performed within a reasonable time. The Code thus clearly contemplates that contracts are not rendered ambiguous by failure to state a specific term. The only consequence of not stating the term is that the obligor may not delay performance beyond a reasonable time, considering the nature of the contract, Perrin v. Hellback, 296 So.2d 342 (La. App. 4th Cir.1974).
Here, the record shows that the settlement funds could not be forthcoming until such time as court approval could be obtained in the liquidation proceedings. Pleadings directed to this end were filed in the liquidation action two months after the signing of the compromise agreement, and proper notice was submitted for publication shortly thereafter. These steps were taken before the Supreme Court judgment of May 18, 1987, and show a good faith effort on the part of defendants to comply timely with the terms of the agreement.
On the other hand, plaintiffs showed no inclination to rescind the compromise, nor did they complain of the delay, until after they received the favorable ruling from the Supreme Court. It is evident that had that ruling been against them, they would not have raised any question as to the validity of the agreement.
Considering all of the circumstances of the case, we hold that the delay in performance on the part of defendants was a reasonable one, and that the compromise agreement remained valid as of May 27, 1987, when the $30,000 check was tendered to the plaintiffs. For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.