| iBOWES, Judge.
Robert P. Guastella and Peyton Place, Inc. appeal from two adverse judgments, both which dismiss causes of action filed by them in the Twenty-Fourth Judicial District Court for the Parish of Jefferson in the cases of Peyton Place Condominium Association, Inc. v. Robert Guastella and Peyton Place, Inc., No. 442-941 and Robert Guastella and Peyton Place, Inc., No. 479-474. For the following reasons, we affirm the judgments of the trial court.

12FACTUAL AND PROCEDURAL HISTORY

On May 1, 1980, Robert P. Guastella purchased two condominium units from Peyton Place, Inc. and furnished those units for use as a recreation room and as a party room. Also, on May 1, 1980, Guastella and Peyton Place Condominium Association, Inc. executed a lease where Guastella agreed to lease to Peyton Place Condominium Association, Inc. the Recreation Club Room and the Party Room for a term of fifty years.
On November 20, 1980, Guastella sold the Recreation Club Room and the Party Room to Management Equities Corporation.[1] The act of sale contains the following provision:
This act is made, executed and accepted subject to:
⅜ ⅜ ⅜: ⅜ ⅜ ⅜
4) Lease of Unit No. Party Room and Unit No. Recreation Club between Robert P. Guastella and Peyton Place Condominium Association, Inc. dated May 1, 1980, recorded in COB 980, folio 952 on May 1, 1980.
On October 6, 1986, Management Equities Corporation sold the Recreation Club Room and the Party Room to Peyton Place, Inc. The act of sale provided:
THIS ACT IS MADE, EXECUTED AND ACCEPTED SUBJECT TO:
$ ⅜ ⅜ ⅜: ⅜ ⅜
| ⅞4) Lease of Unit No. Party Room and Unit No. Recreation Club between Robert P. Guastella and Peyton Place Condominium Association, Inc., dated May 1, 1980, recorded in COB 980, folio 952, on May 1, 1980.
*1176 In 1988, ownership of the Recreation Club Room and the Party Room was transferred from Peyton Place, Inc. to Pan American Life Insurance Company by virtue of a dation en paiment. That act also provided:
THIS ACT IS MADE, EXECUTED AND ACCEPTED SUBJECT TO:
* * * * ⅜ *
4) Lease of Unit No. Party Room and Unit No. Recreation Club between Robert P. Guastella and Peyton Place Condominium Association, Inc., dated May 1, 1980, recorded in COB 980, folio 952, on May 1, 1980.
On June 15, 1992, as part of a compromise and settlement agreement between Pan American Life Insurance Company and Pey-ton Place Condominium Association, Inc., the lease agreement dated May 1, 1980 was canceled and terminated.

SUIT NUMBER ONE

PEYTON PLACE CONDOMINIUM ASSOCIATION, INC. V. ROBERT P. GUAS-TELLA AND PEYTON PLACE, INC.-#M2-m

On December 21, 1992, Peyton Place Condominium Association, Inc. filed suit against Robert P. Guastella; Peyton Place, Inc.; and 1-10, Inc. (formerly Management Equities Corporation) demanding from them payment of condominium assessments and interest on same. The petition Ualso alleges that Robert P. Guastella treated the assets of the two defendant corporations as his own and, therefore, he should be personally liable in solido with these corporations.
On February 24, 1998, defendants, Guas-tella (hereinafter “Guastella”), filed a recon-ventional demand against Peyton Place Condominium Association, Inc. alleging that it (plaintiff/defendant-in-reconvention) owed past due rent for the lease of the Recreation Club Room and the Party Room and that that rent was or should be used or treated as an offset on the past due condominium fees. Guastella further alleged that the rent owed exceeded the condominium fees owed, and that the rental payments due for the remainder lease should be accelerated. Accordingly, he requested a money judgment in his favor.
Guastella filed a motion for summary judgment in his favor on the reconventional demand. Likewise, Peyton Place Condominium Association, Inc. filed a motion for partial summary judgment/declaratory judgment in its favor.
The trial court denied the motion of Guas-tella for summary judgment. The judgment also states that the trial court grants the motion for partial summary judgment/declaratory judgment filed by Peyton Place Condominium Association, Inc. In his reasons for judgment, the trial judge finds that “... the right to collect rentals was transferred in the sale. The | BCourt finds that the ‘subject to’ language was in sufficient to entitle Guastella to the rentals.”
Guastella filed an application for a writ of review from the trial court’s ruling denying his motion for summary judgment. Guastel-la also filed a motion for appeal from the judgment granting the partial summary judgmenVdeclaratory judgment in favor of Peyton Place Condominium Association, Inc. By order of this Court, the application for a writ of review was granted, consolidating the writ with the appeal.
While the appeal was pending, Guastella, along with Peyton Place, Inc., instituted a second proceeding entitled as stated immediately below.

SUIT NUMBER II

ROBERT P. GUASTELLA AND PEYTON PLACE, INC. V. PAN-AMERICAN LIFE INSURANCE COMPANY — No. m~m
On June 13, 1995, Robert P. Guastella and Peyton Place, Inc. (“Guastella and PPI”) filed suit against Pan American Insurance Company (hereinafter “Pan Am”) for Pan Am’s action in terminating the lease. These actions were filed in Orleans Parish.
Because of the prior litigation filed in Jefferson Parish, Pan Am filed a motion to transfer venue to the Twenty-Fourth Judicial District Court for the Parish of Jefferson. Pan Am also filed exceptions of no *1177 cause and no right of action and prescription in the Orleans Parish suit.
In response, Guastella and PPI filed a motion to stay the proceedings pending the adjudication of the appeal of case no. 442-941. The Civil | (¡District Court for the Parish of Orleans granted the motion to transfer and denied the motion to stay. The matter was transferred to the Twenty-Fourth Judicial District Court for the Parish of Jefferson (No. 479-474) and, subsequently, consolidated with the prior suit, No. 442-941. Pan Am then requested that its exceptions of no cause of action, no right of action and prescription be reset for hearing. Guastella and PPI again sought a stay of the proceedings pending outcome of the appeal in ease No. 442-941 (the first suit filed).
On July 24, 1995, the trial court (24th Judicial District Court) rendered judgment. After denying the request of Guastella and PPI for a stay order, the trial judge granted Pan Am’s exception of no cause of action in case No. 479-474, for the reasons set forth in case No. 442-941, (cited supra). The judgment also ordered that the matter be dismissed without prejudice. Subsequently, and pursuant to a motion for a new trial to correct the judgment filed by Pan Am, the trial judge rendered a corrected judgment, which stated that “there being no grounds for amendment, plaintiffs’ claims are dismissed with prejudice.”
Guastella and PPI have appealed these two judgments. By order of the Louisiana Supreme Court, these appeals were consolidated for hearing in this Court, as is shown by the caption hereinabove.

ItANALYSIS

In both appeals, Guastella and PPI argue that the right to collect the rent monies for the lease of the Recreation Club Room and the Party Room was reserved unto Guastella by the language contained in the acts of sale and the dation, because the transfers of ownership were made “subject to” the lease agreement originally confected between Robert P. Guastella and Peyton Place Condominium Association, Inc. Appellants further argue that because Guastella retained an interest in the lease by virtue of retaining the right to collect rents, the lease could not be terminated by Pan Am and Peyton Place Condominium Association, Inc.

INTERPRETATION OF CONTRACT

Despite the arguments of appellant that there remains issues of material fact herein to be resolved, we disagree and find that the sole issue presented for review in this appeal is whether the language “subject to” in the various acts transferring ownership was sufficient to afford Guastella a continued interest (i.e., as lessor) in the Recreation Club Room and the Party Room and to afford to Guastella the right to collect rents, despite the fact that he was no longer owner of these condominiums.
In Prados v. South Central Bell Telephone Co., 329 So.2d 744, 749 on rehearing (La. 1976), the Court said:
When, however, the lessor sells property during the term of a recorded lease, the purchaser in the absence of a contrary stipulation is bound by the obligations of the lessor. LSA-C.C. Arts. 2015, |⅜2733; Spence v. Lucas, 138 La. 763, 70 So. 796 (1915); Walker v. Vanwinkle, 8 Mart. (N.S.) 560 (1830). In the absence of a contrary stipulation, the new owner is likewise entitled to the rent accruing subsequent to his acquisition, LSA-C.C. Arts. 1902, 2461, 2490; Carmouche v. Jung, 157 La. 441, 102 So. 518 (1924); Lesseigne v. Cedar Grove Realty Co., 150 La. 641, 91 So. 136 (1921); 26 La.L.Rev. 107.
[Emphasis supplied].
It is Guastella’s contention that the use of the language “subject to” was sufficient to create a stipulation in the contract that Guas-tella was entitled to continue collecting the rents for the Recreation Club Room and the Party Room.
La.C.C. art. 2046 provides:
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.
The Louisiana Supreme Court has held that the use of the word “further” in this article signifies the true nature of contractual *1178 interpretation. The determination that the language contained in a contract is clear and explicit, in itself, involves an interpretive process. For that reason, La.C.C. art. 2046, supra, emphasizes that the process involves no further interpretation, as opposed to no interpretation at all. Brown v. Drillers, Inc., 93-1019 (La. 1/14/94), 630 So.2d 741.[2]
19The meaning and intent of the parties to a written instrument is ordinarily determined from the four corners of the instrument, and extrinsic (parol) evidence is inadmissible either to explain or to contradict the terms of the instrument. Maltby v. Gauthier, 526 So.2d 455, 457 (La.App. 5 Cir. 1988), writ denied, 531 So.2d 474 (La.1988); Smith v. Leger, 439 So.2d 1203 (La.App. 1 Cir.1983). The general rule applicable to contracts is that extrinsic evidence is admissible only “when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed.” Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087, 1089 (La.1981); see also Leenerts Farms, Inc. v. Rogers, 421 So.2d 216, 218 (La.1982).
La.C.C. art. 2047 states that:
The words of a contract must be given their generally prevailing meaning.
Words of art and technical terms must be given their technical meaning when the contract involves a technical matter.
In this case, the trial court correctly found that the provision at issue was insufficient to reserve to Guastella the right to collect rental payment(s) on property no longer owned by Guastella. Giving the phrase “subject to” its generally prevailing meaning, as well as its technical meaning, as a legal “term of art,” we find that it is clear from the four corners of the acts of | ipsale, and the dation, which transferred ownership of the Recreation Club Room and the Party Room, that the intent of the parties was that the purchaser could not terminate the lease and, therefore, the purchaser acquired the property “subject to” the lessee’s right to continue leasing these two condominium units. While Guastella argues otherwise, we further find that these documents on their respective faces, and standing alone, do not support his additional contention that they evidence an intent of the parties to reserve to Guastella the right to collect rents on these units. If Guastella had wished to reserve the right to collect the rental payments under the term of the lease, a reservation clause expressing this clearly could have and should have been added.
As our brothers in the Second Circuit, in Texaco, Inc. v. Newton and Rosa Smith Charitable Trust, 471 So.2d 877 (La.App. 2 Cir.1985), the phrase “subject to” has been interpreted by Louisiana courts as the recognition of rights previously in existence rather than as the creation of new rights.” Accordingly, we hold that Guastella did not create a right to collect rents on property he no longer owned by the inclusion of the term “subject to” in the act of sale.
Guastella offered into evidence affidavits executed by himself and his attorney to attempt to prove that it was his intent to retain the right to collect rentals after he sold the condominium units. This parol evidence Inmay not be considered. See La. C.C. art. 2046; Maltby v. Gauthier, supra. In addition, it is purely self-serving evidence.
When a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and, thus, summary judgment is appropriate. Brown v. Drillers, Inc. supra.

JUDGMENT IN MATTER NUMBER 442-942

Accordingly, we hold that the trial judge committed no error in finding that Guastella did not retain the right to collect rents in the acts of sale transferring the ownership of the Recreation Club Room and the Party Room and we affirm both the judgments in case *1179 No. 442-942, i.e., the judgment which granted the motion for partial summary judgment/deelaratory judgment in favor of Pey-ton Place Condominium Association, Inc. and the judgment which denied Guastella’s motion for summary judgment.

JUDGMENT IN MATTER NUMBER 479-474

The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. Roberts v. Sewerage and Water Bd., 92-2048 (La. 3/21/94), 634 So.2d 341. Because, as a matter of law, Guastella did not retain the right to collect rents on the condominium units which he sold, or any other ownership interest in those units, his petition for damages for termination of the lease of property, in which he has no interest, fails to Instate a cause of action. Therefore, we find that the trial judge did not err in rendering judgment in case No. 479-474 granting the exception of no cause of action filed by Pan American Life Insurance Company; and that the trial judge further also did not err in amending this judgment to dismiss the suit with prejudice because he found that there were no grounds for amendment of the petition.

DECREE

For the above discussed reasons, all judgments of the trial court recited hereinabove are affirmed.
All costs of these appeals are assessed against appellants, Robert P. Guastella and Peyton Place, Inc.
AFFIRMED.

. In brief to this court, Robert P. Guastella states that he owned 70% of Peyton Place, Inc. and 100% of Management Equities Corporation.

. In support, the Brown court cited Expose’ Des Motifs of the Project (sic) of Titles III and IV of Book III of the Civil Code of Louisiana, p. 67 (1984); R. MacLean, Judicial Discretion in the Civil Law, 43 La.L.Rev. 45, 55-56 n. 28 (1982).